RAFAEL R. GÓMEZ, Appellant, *v.* REGISTRAR OF MAYAGÜEZ, Respondent.

No. 621. Submitted November 2, 1925.—Decided February 19, 1926.

*Miguel Marcos Morales* for the appellant. The registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Antonio Bures Miranda and Rafael Gómez signed a promissory note payable to bearer for the sum of $15,000 and to secure its payment they jointly executed a deed creating a mortgage on two properties belonging to the former in the district of Ponce and on one property recorded in the name of the latter in the Registry of Property of Mayagüez. According to the instrument, each mortgagor secured the promissory note *in solidum* by the lien on his property.

The deed was presented for record in the Registry of Mayagüez and the registrar refused to record it on the following grounds:

"Record of the mortgage on the property of Rafael R. Gómez, the only property within the jurisdiction of this Registry, is denied because the responsibility for the debt is not distributed among all of the mortgaged properties, in accordance with Art. 119 of the Mortgage Law, and in lieu thereof a cautionary notice is entered for 120 days for all legal effects on page 62 of volume 120 of this City, property 2289, Entry 'A', with the curable defect that the deed does not give the measurement of the lot on its west side."

The registrar filed a brief in support of his decision, but argues only the first ground by referring solitarily to article 119 because it is general and makes no distinction. The appellant, on the other hand, cites no jurisprudence or authorities sustaining his argument, which we do not consider entirely satisfactory.

It occurs to us that the same purpose that the legislators had and is expressed in the Exposition of reasons for the Mortgage Law (Galindo and Escosura, volume 1, p. 192) does not vary under the circumstances of this appeal, for the amendment made to article 119 by Act No. 62 of 1923 (p. 406) for the distribution of the responsibility of the promissory note among the several mortgaged properties is not applicable.

The same authors in applying those reasons that serve as a basis for the law, say:

"Can those interested, by mutual accord, agree in the indivisibility of the mortgage and other liens created indistinctly on several properties without determining the responsibility of each one of them? We believe they can not. The division is obligatory and not optional. The object of the law was to prevent the immoderate demands of the money-lenders for the benefit of the public credit, and it would not be attained if the waiver of the division were permitted, for the money-lenders would always demand it and the statute would be

evaded without serving for anything but to increase the extent of the deed. Article 28 of the Inst. of June 12, 1861, prohibited the execution of mortgage deeds or imposing for capital furnished an annuity or rent on different properties without determining therein the part of the capital and rent for which each of the properties should respond, and the same is provided by articles 21 and 22 of the Inst. of Nov. 9, 1874." 4 Galindo and Escosura, Spanish Mortgage Legislation, p. 524.

Perhaps it may be necessary to add that the mortgage directly and immediately subjects the property upon which it is imposed, and the property is the debtor. Article 105, Mortgage Law. The obligation *in solidum* of which the appellant speaks is personal and its effects are governed by what the Civil Code provides in section 1104. The appellant seems to confuse the effect of the principal obligation with that of the accessory obligation represented by the mortgage. If one of the properties is not sufficient to satisfy the debt, the distribution of the responsibility among them does not prevent the creditor from collecting the difference of his credit from the other property, and, if still insufficient, the debtors would then be liable with their other property, save for the agreement that may have been made or a transfer of the property to a third person. Therefore, the first ground of the decision should be sustained.

The second ground seems unfounded.

Article 9 of the Mortgage Law, concordant with article 63 of the Regulations, requires among other things that every record must contain a statement of the area of the property. This is stated in the instrument and is sufficient.

The decision of the registrar must be affirmed on the first ground and reversed on the second.

Mr. Justice Wolf dissented.